GEORGE L. BECKER, Executor, v. ANNIE BOHMERT.[1]

January 10, 1896.

Nos. 9738—(207).

**Claims against Decedent's Estate—Excessive Verdict.**
The verdict of the jury in behalf of the plaintiff for the sum of $650 *held* excessive, and that a new trial should be granted, unless the plaintiff consent to remit all of the same in excess of $100.

In the matter of the estate of Patrick Keogh, deceased, Annie Bohmert filed a claim in the probate court for Ramsey county, and from an order disallowing her claim she appealed to the district court for said county. The appeal was tried before Kelly, J., and a jury, who found a verdict in favor of appellant for $650. From an order denying a motion for a new trial, George L. Becker, executor, appealed. Reversed.

*C. D. & Thos. D. O'Brien*, for appellant.
*Frank Ford* and *Henry B. Farwell*, for respondent.

BUCK, J. On April 24, 1893, one Patrick Keogh, who was at that time over 80 years old, died in the city of St. Paul, leaving some property and a will, in which this appellant, George L. Becker, was named as executor, to whom Keogh bequeathed his entire estate. During a period of several years prior to Keogh's death, Mr. Becker had transacted all of his business, and taken general care of him, and was his friend and adviser for a great many years. In August or September, 1892, Keogh engaged board and lodging with Mrs. Bohmert, the respondent, and he remained in her house until his death. During this time he was a feeble old man, requiring considerable care and attention. By the terms of the agreement, he was to pay Mrs. Bohmert $20 per month, and, within a month or two, this was increased to $30 per month, and, again, to $40 per month, as his necessities increased. Either Mrs. Bohmert or her husband gave receipts from month to month for the agreed price of the board, lodging, and care, and the receipts stated that

[1] Reported in 65 N. W. 728.

the amount received was in full for one month's board, care, and attendance of Patrick Keogh.     After the death of Keogh, Mrs. Bohmert filed a claim against his estate for the sum of $1,625, composed of the following items:     $550 for extra care; $75 for furniture and carpets destroyed by Keogh; and $1,000 for holding "a wake over Keogh's remains."     The latter claim was disallowed by the trial court, and forms no part of the amount contained in the verdict of the jury, which was in favor of the plaintiff for the sum of $650.

This case was argued upon its merits by the counsel for the respective parties, and we so consider it in arriving at our conclusion upon the facts.     Without entering into a critical analysis of the evidence, and here stating it in detail, we are of the opinion that the verdict is clearly and manifestly against the weight of evidence, except as to the amount of $100, which is substantially admitted by the defendant.     So clear is the preponderance of evidence against the amount of the verdict over $100 that we regard it as excessive, and it furnishes proof in itself that some improper consideration influenced the jury in arriving at the verdict rendered. In such case it is not only the right, but the duty, of this court to set aside the verdict, or conditionally reduce its amount.     Frederickson v. Johnson, 60 Minn. 337, 62 N. W. 388.

The order of the district court denying the motion for a new trial is reversed, and a new trial granted, unless the respondent file in the district court a remittitur of the sum of $550 within 30 days after the mandate from this court shall be filed in said district court.     In case such remittitur is filed, the plaintiff may recover judgment upon a verdict in her behalf in the sum of $100, and the order of the lower court stand affirmed for that amount.